UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE NATIONAL RAILROAD PASSENGER CORPORATION, DOING BUSINESS AS AMTRAK<br>60 Massachusetts Ave NE<br>Washington, DC<br>20002-4285<br><br>                    Plaintiff,<br><br>v.<br><br>PATRICK MILLER<br>4557 Aldine Street<br>Philadelphia, PA 19136<br><br><br><br>                    Defendant. | Civil Case No.<br><br><br><br><br><br>COMPLAINT<br>SEEKING DECLARATIVE,<br>EQUITABLE, INJUNCTIVE, and FINANCIAL RELIEF |

The Plaintiff is The National Railroad Passenger Corporation, which does business as Amtrak ("Amtrak") and is the Administrator and Fiduciary of the Amtrak Self-Insured Employee Health and Wellness Plan ("the Plan"). Amtrak seeks to recover an unpaid lien for health benefits paid on behalf of Patrick Miller for which he recovered money from a third-party who was responsible for his injuries.

## JURISDICTION AND VENUE

1.      Jurisdiction is appropriate under the federal question jurisdiction of 28 U.S.C. §§ 1331 and 1337, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 ("ERISA"), 29 U.S.C. §§ 1132(a), (e), (f), and (g). This matter involves a reimbursement claim for medical benefits paid by the Plan under an employee group welfare benefit plan governed by ERISA. This Court also has jurisdiction over the state

law claims made in this Complaint under 28 U.S.C. § 1367 and its powers of pendent jurisdiction.

2. Venue is proper within the Eastern District of Pennsylvania under 29 U.S.C. § 1132(c) (2) because Patrick Miller resides within the jurisdictional boundaries of this Court and this vicinage. Amtrak and the Plan do business within this District. Patrick Miller received the benefits of the ERISA Plan at issue within this district. The amount in controversy is $119,217.93 reflecting benefits paid by the Plan for treatment of Patrick Miller caused by the negligence of Defendants Eastern Highway Specialists and Michael S. Roark for which Mr. Miller recovered payment.

## THE PARTIES

3. Patrick Miller was an employee of Amtrak on October 26, 2016.

4. Patrick Miller was enrolled in health insurance coverage under the Amtrak Self-Insured Employee Health and Wellness Plan ("the Plan") on October 26, 2016.

5. The Plan is a self-funded Employee Welfare Benefit Plan under ERISA for the benefit of employees of Amtrak. The Plan pays benefits for its enrollees out of money generated by employer and employee contributions rather than through insurance bought from a health insurance company. The Plan contracts with a claims administrator, Aetna, to process pre-authorization requests and post-service claims, arrange the contracted provider network, and provide other administrative services for the Plan.

6. Under 29 U.S.C. §§ 1132(a), (e), (f), and (g), Amtrak as administrator and fiduciary of the Plan, may sue to obtain appropriate equitable relief.

7. Upon information and belief, Patrick Miller, participates in the Plan and is subject to all the terms and provisions of the Plan as explained in its governing documents.

8. Upon information and belief, Randy H. Kaplan represented Patrick Miller in a Complaint filed in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 18-3310.

## FACTS

9. Patrick Miller, on or about October 26, 2016 at 2:30 p.m. suffered injuries as a result of a motor vehicle accident while he was operating a 2016 Toyota RAV 4, "the Accident." Patrick Miller was traveling westbound on East 12th Street approaching the intersection of Northeast Boulevard in Wilmington, Delaware when struck by a 2011 International TK motor vehicle. That vehicle was owned by Eastern Highway Specialists, Inc. ("Eastern") and operated by Michael S. Roark ("Roark"). Roark was Eastern's employee acting in the course of his employment.

10. Patrick Miller sued Eastern and Mr. Roark in Miller v Eastern Highway Associates, et al.; in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 18-3310. Miller alleged that the vehicle operated by Mr. Roark failed to recognize that Mr. Miller was stopped at a traffic signal and violently struck Mr. Miller's vehicle in the rear. This violent collision damaged both vehicles and caused injury to Patrick Miller.

11. Mr. Miller claimed that Eastern Highway Specialists, Inc. and Roark were liable to him for damages for his personal injuries because of the negligence and carelessness of Eastern Highway Specialists and Mr. Roark.

12. Mr. Miller received medical treatment for the injuries caused by Defendants Eastern Highway and Roark's negligence.

13. The Plan paid significant medical expenses on behalf of Patrick Miller because of the accident. The sums expended by the Plan on behalf of Miller are specifically identifiable amounts itemized by Miller's healthcare providers from the date of the accident to, and including, the present date which sums total no less than $119,217.93 which reflects the amount paid by the Plan for the care and treatment of Patrick Miller.

14. Patrick Miller retained Randy H. Kaplan, Esquire as counsel to pursue recovery from Eastern Highway Specialists, Inc. and Michael S. Roark for damages Patrick Miller sustained because of the accident.

15. The Plan enjoys rights of subrogation and reimbursement as explained in the Plan documents and summarized in the Summary Plan Description/Benefit Plan. A copy of the pertinent portions of the Plan is Exhibit A.

16. The Plan has a claim for reimbursement against Patrick Miller as provided in the Plan documents including the excerpt attached as Exhibit A.

17. The Plan provided actual notice to Patrick Miller, and his attorney Mr. Kaplan, that there was a claim for reimbursement or subrogation arising from the payment of medical benefits for treatment related to the October 26, 2016 motor vehicle accident.

18. Rawlings acting on behalf of Amtrak and the Plan informed Mr. Miller and Randy H. Kaplan, Esquire, his attorney that they would have to satisfy the Plan's claim with any monetary recovery that Patrick Miller received from or on behalf of Eastern or Roark, or any other source.

19. Mr. Kaplan, on Mr. Miller's behalf, then negotiated a settlement with Eastern Highway Specialists, Inc. and their insurance carrier.

20. Without the Plan's knowledge or consent, Patrick Miller with help from Randy H. Kaplan, Esquire settled claims against Eastern Highway Specialists, Inc. and Michael S. Roark arising out of the accident for a sum of money. This sum is the "Third-Party Recovery."

21. Upon information and belief, the matter was settled for an undisclosed sum and Randy H. Kaplan represented to defense counsel that the subrogation claim from the Plan would be satisfied from the proceeds.

22. To date, Mr. Kaplan has failed to respond to any inquiries from The Rawlings Company acting as the subrogation representative for Amtrak and the Plan or from counsel for Rawlings.

23. Mr. Kaplan and Mr. Miller have refused and continue to refuse to acknowledge the existence of the Plan's claim for reimbursement under the Plan or otherwise.

24. The Plan has a contractual first priority claim entitling the Plan reimbursement on a first dollar basis for any payment, even if that payment to the Plan reduces the payment to Patrick Miller so that it will be insufficient to make him whole for the damages he sustained. The Plan need not participate in Patrick Miller's court costs or attorneys' fees for any attorney he engaged to pursue his damage claim. See Exhibit A.

25. Patrick Miller received monies or made a recovery because of the lawsuit against Defendants Eastern Highway Specialists, Inc. and Michael S. Roark, a portion of which rightfully belongs to the Plan. Such monies rightfully belonging to the Plan are in

the possession or control of Patrick Miller or under his direction and constitute specifically identifiable funds subject to a constructive trust and a right of reimbursement belonging to the Plan.

### FIRST CAUSE OF ACTON: DECLARATORY RELIEF FOR REIMBURSEMENT.

26. On behalf of the Plan, Plaintiff repeats the allegations of paragraphs 1 through 25, and makes them a part of this Count as though set forth in full.

27. An actual controversy currently exists between Amtrak and the Plan and Patrick Miller relative to their legal rights and duties related to the Plan and the funds expended under to the Plan. Patrick Miller and Randy H. Kaplan, Esquire, his counsel received settlement funds from the insurer for Eastern and Roark ("the Third-Party Recovery") and have not repaid the health benefits paid for Miller's injuries. This repayment is required by the terms of the Plan.

28. As notice to Patrick Miller and Randy H. Kaplan, Esquire, about such funds.

29. Plaintiff desires a judicial determination of rights and duties under the Plan, and a declaration that the Plan is entitled to recovery rights under its terms.

30. This Court has the power under to 28 U.S.C. §2201to declare rights, statuses, and other legal relations between the parties. Plaintiff seeks a declaration as to its reimbursement and recovery rights under the Plan given the funds expended by the Plan. Plaintiff also seeks a declaration that Patrick Miller act in a manner consistent with

the declaration of the Plan's rights and the duties of Patrick Miller under the Plan and applicable law.

31. A judicial determination of the Plan's rights is necessary and appropriate in order to remedy the conversion of the Plan's monies by Patrick Miller and to prevent the further dissipation of the identifiable funds within the possession of Patrick Miller and his attorney Randy H. Kaplan, Esquire.

32. Under the allegations set forth in this Complaint, a valid, justiciable controversy exists about the rights and duties of the parties and the issue is ripe for judicial declaration.

33. Because of the conduct of Patrick Miller, Plaintiff has been required to retain counsel to prosecute this action, and the Plan has a right to recover reasonable costs and attorneys' fees from Patrick Miller.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Patrick Miller, as follows:

A. For a judicial determination of the Plan's reimbursement and recovery rights under the Plan and ERISA.

B. For the establishment of a constructive trust or equitable lien in the Plan's favor over any payment to or recovery by Defendant Patrick Miller for funds paid under the Plan.

C. For injunctive relief preventing the dissipation of the Third-Party Recovery.

D. For attorney's fees under 29 U.S.C. § 1132(g), pre- and post-judgment interest, costs, and other necessary expenses.

   E.  Ordering Patrick Miller to pay the Plan $119,217.93 according to proof at the time of trial; and,

   F.  For such other and further relief as this Court may deem just and proper.

### SECOND CAUSE OF ACTION: EQUITABLE RESTITUTION – ESTABLISHMENT OF CONSTRUCTIVE TRUST OR EQUITABLE LIEN

34. Plaintiff repeats the allegations of paragraphs 1 through 32 and makes them a part of this Count as though set forth in full.

35. Under 29 U.S.C. § 1132(a)(3)(B), Plaintiff sues to obtain appropriate equitable relief to enforce the terms of the Plan.

36. An equitable lien by agreement is a form of equitable relief authorized by Section 1132(a)(3)(B). (*Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 364-65 (2006).)

37. Under the Plan, Patrick Miller promised to reimburse the Plan for medical benefits paid under the Plan if a recovery occurs from a third party.

38. The Plan specifically identifies a fund, distinct from Defendant Miller's general assets, from which the Plan will be reimbursed.

39. The specifically identifiable fund is the fund constituting the Third-Party Recovery.

40. The Plan's lien upon the Third-Party Recovery paid to Patrick Miller was created and existed as soon as such funds arose. Upon information and belief, the funds specifically identified by the Plan are within the possession and control of Patrick Miller or under his control and in the possession of his attorney Randy H. Kaplan, Esquire.

41. The Plan's reimbursement claim is considered equitable, as required by ERISA, because it is an action to enforce an equitable lien established by agreement where the enforcement of the equitable lien is on particular property.

42. Even though the Plan has an equitable lien by agreement, Patrick Miller has refused to reimburse the Plan the full amount of its ERISA lien.

43. Because of the refusal of Patrick Miller to comply with the terms of the Plan, the Plan has been unable to enforce its equitable lien by agreement for $119,217.93.

44. Equity demands that the Plan's equitable lien by agreement be enforced under 29 U.S.C. § 1132(a)(3)(B).

45. The Plan may recover its reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

A. For a judicial determination of The Plan's reimbursement and recovery rights under the Plan and ERISA.

B. For the establishment of a constructive trust or equitable lien in the Plan's favor over any payment to or recovery by Defendant for funds paid under the Plan:

C. For injunctive relief preventing the dissipation of the Third-Party Recovery.

D. For attorney's fees under 29 U.S.C. § 1132(g), pre- and post-judgment interest, costs, and other necessary expenses.

E. For judgment against Patrick Miller in the amount of $119,217.93 according to proof at the time of trial; and,

F.  For such other and further relief as this Court may deem just and proper.

### THIRD CAUSE OF ACTION: BREACH OF WRITTEN CONTRACT.

46. Plaintiff repeats the allegations of paragraphs 1 through 44 and makes them a part of this Count as though set forth in full.

47. Patrick Miller and the Plan entered a valid and enforceable contract governed under the Plan and its governing documents.

48. The Plan fully performed its obligations to Patrick Miller under the contract.

49. Patrick Miller breaches the terms of the Plan by:

    (a) Failing to reimburse the Plan for the medical benefits paid by the Plan from the third-party recovery.

    (b) Failing to cooperate and not prejudice the Plan.

    (c) Failing to assist the Plan in enforcing its right to reimbursement.

    (d) Failing to preserve the Plan's rights.

    (e) Negotiating a settlement agreement with a third party that undermines the rights of the Plan; and

    (f) Failing to retain the full amount of the Plan's recovery in trust.

50. All conditions precedent for Plaintiff to bring this legal action have occurred.

51. As a result of the Patrick Miller's breaches, The Plan has suffered damages in an amount of $119,217.93 along with interest, costs, and attorneys' fees.

52. As a result of Patrick Miller's breach of the contract, the Plan has been damaged in the sum of $119,217.93 plus interest, attorney's fees, and costs associated with the pursuit of recovery of this amount under the terms and provisions of the Plan.

Plaintiff will establish the precise amount of that damage according to evidence at the time of trial.

      **WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

      A.    For a judicial determination of the Plan's reimbursement and recovery rights under the Plan and ERISA.

      B.    For the establishment of a constructive trust or equitable lien in the Plan's favor over any payment to or recovery by Patrick Miller for funds paid under the Plan.

      C.    For injunctive relief preventing the dissipation of the Third-Party Recovery.

      D.    For attorney's fees under 29 U.S.C. § 1132(g), pre- and post-judgment interest, costs, and other necessary expenses.

      E.    For judgment against Patrick Miller in the amount of $119,217.93 according to proof at the time of trial; and

      F.    For such other and further relief as this Court may deem just and proper.

                                              s/ John C. Grady_____
                                              John C. Grady, Esquire
                                              PA Bar # 56179
                                              CRAIG, ANNIN & BAXTER, LLP
                                              58 Euclid Street
                                              Woodbury, NJ 08096
                                              Telephone: (856) 795-2220
                                              Facsimile: (856) 429-1060
                                              Email: jgrady@kwclawyers.com

Date:    May \_\_, 2020